Nov. Term,
1856.
──────
THE BOARD OF
COMM'ERS OF
LA GRANGE
COUNTY
v.
KROMER.

THE BOARD OF COMMISSIONERS OF LA GRANGE COUNTY *v.* KROMER.

The account of a county recorder for indexing the records of deeds and mortgages is not uncertain for want of the recorder's signature.

The rules of pleading will not be applied to a claim filed before county commissioners for an allowance.

In this case, the commissioners made an order refusing to pay the recorder's claim for making such index. The recorder appealed to the Circuit Court. The commissioners obtained leave to file an answer. No reply. *Held,* that no reply was necessary; that the answer was not required by the rules of civil procedure; and that the facts contained in it were not, though uncontroverted, to be taken as true.

The commissioners are not bound by any fixed rule of computation in determining the recorder's compensation for making such index; and on appeal, the jury, acting under the same statutory requirement, are equally unrestricted.

The court cannot instruct the jury in such case, that three figures shall be taken as one word, or otherwise fix a standard of computation.

A jury cannot be required to answer special interrogatories, except upon the condition that they elect to return a general verdict.

Where a special finding does not conflict with the general verdict, the latter will stand.

*Tuesday,
January* 13,
1857.

APPEAL from the *La Grange* Circuit Court.

DAVISON, J.—*Kromer*, the recorder of *La Grange* county, on the 4th of *September,* 1854, presented to the board of commissioners of said county a claim for official services, and demanded its allowance and payment. The claim is as follows:

"*Sept.* 4, 1854, County of *La Grange,* to *John Kromer*.................................................  Dr.

To indexing Deed Records, 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10—5031 folios at 15c......................$754 62

To indexing Mortgage Records, 1, 2 and 3— 958 folios at 15c................................... 143 70

$878 52"

The services for which the allowance is claimed, are said to have been performed under an act of the legislature approved *February* the 16th, 1854, in virtue of

Nov. Term.
1856.

THE BOARD OF
COMM'ERS OF
LA GRANGE
COUNTY
v.
KROMER.

which, each recorder is required to make out, where the same has not previously been done, a complete or general index to all the records of deeds for real estate in his office; such index to be a double index, giving the name of each grantor alphabetically, and also each grantee in the same order; together with the number or letter of the book and page in which each deed is recorded. And further, to make out a complete or general index to all records of mortgages upon real estate in his office, in the manner and form as prescribed for deeds, excepting that the headings therein prescribed shall be so changed as to suit mortgages.

The same act provides that, " The board doing county business shall allow the recorder, out of the county treasury, such compensation for making such complete or general indexes, as shall be deemed reasonable and just." 1 R. S. pp. 427, 428, ss. 1, 2, 4.

Upon the filing of the above claim, the board of commissioners made an order whereby they refused to allow it, and *Kromer* appealed. In the Circuit Court, to which the appeal was taken, the commissioners, by leave, &c., answered—

1. That there was on the 16th of *April*, 1852, a good and sufficient general index for all deeds and mortgages on record in the recorder's office of said county.

2. That the books in which *Kromer* made the indexes were procured by him, and are not such as are required by law; that they contain columns of unnecessary figures and writing, thereby greatly lessening the durability of the books, and increasing their size and cost; that in making the indexes, he so arranged the several divisions and titles of the alphabet, that more than one-half of each book is left blank and cannot be used, so that nearly eight large volumes of indexes are required to index about twelve volumes of records; that in making the general index for the first six volumes of deeds recorded, said recorder indiscriminately mixed deeds and mortgages in the same index, and failed to index such mortgages as he supposed had been paid or satis-

Nov. Term,
1856.

THE BOARD OF
COMM'ERS OF
LA GRANGE
COUNTY
v.
KROMER.

fied, &c., and that said indexing, even if it is such as the law requires, does not amount to more than 480 dollars.

Without any reply to the answer, the cause was submitted to a jury who found specially that there were ten volumes of deed, and three of mortgage records indexed, and twenty-one headings in the indexes; that that part of the indexing, viz.: Grantor and grantee—description of land—date of deed—number and letter of book and page—at the rate of 15 cents per hundred words, allowing three figures for a word, amounts to 618 dollars; and that in six of the above volumes, deeds and mortgages are indiscriminately mixed in the same book, headed "Index of Deeds." The jury also found a general verdict in favor of the plaintiff for 618 dollars. And over a motion for a new trial, there was judgment, &c.

At the proper time, the defendants moved to instruct the jury that in computing the amount to which the plaintiff may be entitled for indexing, three figures must be taken as one word, and 15 cents allowed for each 100 words. The Court refused the instruction, and thereupon charged that it is not the law of the case that three figures are to be computed as one word.

These proceedings are said to be objectionable, because the account presented to the commissioners is not subscribed by the plaintiff, and is otherwise uncertain. We are not of that opinion. The ordinary rules of pleading need not be applied to a claim filed before the board of commissioners for an allowance. The account, it is true, is very informal, still, it was sufficiently certain to advise the board of the nature of the claim, and to constitute a sufficient bar to another application for an allowance of the same demand. 1 R. S. pp. 227, 228, ss. 12, 24.

But the defendants' answer is without a reply; hence, they insist that for the purposes of the action it must be taken as true. The statute, authorizing an appeal from the decision of the board of commissioners, enacts

Nov. Term,
·1856.

THE BOARD OF
COMM'ERS OF
LA GRANGE
COUNTY
v.
KROMER.

that, "All appeals thus taken to the Circuit or Common Pleas Courts, shall be docketed among the other causes pending therein, and the same shall be heard, tried, and determined as an original cause." 1. R. S. p. 230, s. 36. In cases similar to the one before us, no answer is required before the commissioners, and it seems to follow that none is contemplated in the court to which such cases may be taken by appeal. *Id.* p. 228, s. 24. The case on appeal is to be heard, tried, and determined as an original cause; but an addition to the pleadings is not authorized. The answer, in question is not, therefore, a requirement of the ordinary rules of civil procedure, and the facts which it contains, though uncontroverted, are not to be taken as true.

The next inquiry relates to the refused instruction. The act to which we have referred requires the board doing county business to allow the recorder such compensation as shall be deemed reasonable and just. This plainly leaves it with the commissioners to settle the allowance, without reference to any special mode of computation. And the jury, acting under the same requirement, were, of course, unrestricted as to any prescribed rule, in making their estimate of what the plaintiff's services were reasonably worth. The proposed instruction was, therefore, objectionable, and the one given not erroneous.

The evidence being closed, the defendants moved the Court to instruct the jury to find specially upon certain questions of fact stated in writing; but the instruction was refused, and the defendants excepted. The statutory rule is, that the Court, in all cases when required by either party, shall instruct the jury, if they render a general verdict, to find specially upon particular questions of fact to be stated in writing. 2 R. S. p. 114, s. 336. Under this provision, we have decided that a party cannot require special interrogatories to be answered except upon the condition that the jury shall elect to return a general verdict. *Bird* v. *Lanius*, 7 Ind. R. 615. And as the motion, in this instance, was to instruct un-

Nov. Term, 1856.

conditionally, and without the qualification indicated in the rule, the action of the Court must be sustained.

We perceive no inconsistency between the special finding and the general verdict—hence, the latter stands uncontroverted. 2 R. S. p. 115, s. 337. The commissioners were in duty bound to allow the recorder a reasonable compensation for the services he really did perform. The jury have settled the amount to which, in their opinion, he is entitled; and the evidence not being in the record, we are not inclined to disturb the verdict.

*Per Curiam.*—The judgment is affirmed with 8 per cent. damages and costs.

*A. Ellison*, for the appellant.