Nov. Term, 1861.

BOARD OF COMMISSIONERS, &C. v. SHEETS.

---

THE BOARD OF COMMISSIONERS OF WABASH COUNTY *v.* SHEETS.

Suit by *S.*, recorder of *Wabash* county, to recover for services in keeping up a general and double index of deeds, and another of mortgages, and indexing therein a certain number of deeds and mortgages, at fifteen cents per hundred words.

*Held*, that § 3, of the act of *February* 14, 1855, (Acts 1855, p. 158,) must be construed to mean that the indexing of deeds and mortgages shall be considered a part of the service of recording them, and that the fee for recording shall be deemed to include the indexing.

*Held*, also, that the recording and indexing being one service, and included in one fee, it can not be said that the recorder is required to keep up the index without compensation; and hence, he can not recover for the indexing, under the act of *March* 2, 1855, (Acts 1855, p. 106,) as for services not provided for by law.

Monday, November 25.

APPEAL from the *Wabash* Circuit Court.

DAVISON, J.—*Sheets*, who was recorder of *Wabash* county, on September 1, 1859, presented to the *Board of Commissioners* of said county, a claim for services as recorder, from *November* 1, 1855, to *June* 1, 1859, and demanded its allowance and payment. The claim is as follows:

"The Board of Commissioners of Wabash County,

To Lewis Sheets, Dr.,

Nov. Term,
1861.

Board of
Commission-
ers, &c.
·v.
Sheets.

"To keeping up general and double index, and indexing therein 2,589 deeds, at eighty words to each deed, making 207,120 words, at fifteen cents for each one hundred words, - - - - - - - - $310.00

"To keeping up general index, the same being double, and indexing therein 801 mortgages, at eighty words each, making 64,080 words, at fifteen cents for each one hundred words, - - - - - - . 96.12

"To indexing miscellaneous matters, required by law to be recorded and indexed, making 800 words, at fifteen cents for each one hundred words, - - 1.20

"To keeping up entry book, and entering therein the time when deeds, mortgages, bonds, &c., were received for record, number of words being 10,000 at fifteen cents for each one hundred words, - - 15.00 "

. Upon the filing of this claim, the *Board of Commissioners* made an order whereby they refused to allow it, and *Sheets* appealed. In the Circuit Court, to which the cause was taken by appeal, the defendants demurred separately to each paragraph of the claim; but their demurrers were overruled, and final judgment rendered for the plaintiff. It is conceded, that the solution of one question decides this case, viz., does the law authorize the recorder to charge the county for these services?

The first and second sections of "An Act, approved *February* 14, 1855, require the recorders of each county to make out, where the same has not been done, a complete general and double index to all records of deeds, &c., for real estate, in his office. And for the making thereof, the board of commissioners is directed to allow fifteen cents for each one hundred words therein contained. The third section enacts, that "After the completion of such indexes, it shall be the duty of such recorder to keep up such index, in the manner aforesaid, as deeds and mortgages shall from time to time be recorded, without any compensation beyond, or

Nov. Term,
1861.

BOARD OF
COMMISSION-
ERS, &c.
v.
SHEETS.

apart from, the fees allowed by law for recording such deeds and mortgages." Acts 1855, pp. 157, 158.

Section three, just recited, is very explicit. In express terms, it disallows the charges in the complaint. But we are referred to the act relating to fees, &c., approved *March* 2, 1855, which provides, § 7, that the "Fees of county recorders shall be as follows: for recording deeds and mortgages, and the acknowledgment thereof, one dollar. . . . . . . . For recording all other instruments, and giving certified copies of any record, for each one hundred words, ten cents." . . . . . . And, "For all services not specifically provided for in this act, the recorder shall be allowed the same fees allowed by law for similar services." And further, it is provided, § 35, that "The act regulating the fees of officers," approved *June* 16, 1852, "and all former laws in conflict with this act, or any part of it, be, and the same are hereby repealed." Acts 1855, pp. 106, 115.

The appellee argues "that the act of *March* 2, repeals all former laws in conflict with it; that § 3 of the act of *February* 14, is in conflict with that of *March* 2, in this, that it provides that a specific service shall be rendered without compensation, and that under that clause of the act of *March* 2, which says: 'For all services, not specifically provided for in this act, the recorder shall be allowed the same fees as are allowed by law for similar services,' the plaintiff was entitled to recover the claim charged in the complaint."

Are these enactments so in conflict that they can not, by interpretation, be made to stand together? If they are not, then the act of *March*, though it is the last expressed will of the Legislature, should not be held to operate as a repeal of the former act. As has been seen, the third section of the act of *February*, declares that the indexing, &c., shall be kept up "without any compensation beyond, or apart from, the fees allowed for recording," &c. Now, it seems to us, that that section, properly construed, intends that the indexing of deeds and mortgages shall be considered a part of the service of recording them, and that the fee for recording shall be deemed to include the indexing. This construction being correct, and we think it is, the act of *March*

is not in conflict with § 3, above recited. That act, in our judgment, should be construed with the prior enactment, which points out what the fee for recording shall include. And this being done, the two enactments are plainly consistent; the latter fixes the fee for recording, and in doing so, in effect, though not in terms, fixes the fee for both making the record and keeping up the index. The recording and indexing being thus one service, and included in the same fee, it can not be said that the recorder is required to keep up the indexes without compensation. And being thus allowed for the services in question, he is not entitled, in this case, to recover as for services not provided for by law.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*D. D. Pratt*, for the appellant.

*O. Blake* and *W. Z. Stuart*, for the appellee.

(1) A petition for a re-hearing was filed in this case, *January* 20, 1862. The point presented in the petition was, "whether § 3, of the act of *February*, 1855, (Acts 1855, p. 158,) is not unconstitutional and void, because it is not embraced in the title of the act." The petition was overruled, *February* 4, 1862.