*M. Jenkinson*, for the appellant.

*Isaac Jenkinson*, for the appellee.

THE STATE, on the relation of the Board of Commissioners
of WASHINGTON COUNTY *v.* ATKISSON and Others.

Suit against a recorder and the sureties, on his official bond. The breaches
alleged were, *first*, that he failed to index twenty thousand deeds, that
were in his office at the time he assumed the duties thereof; and, *second*,
that he failed to keep up and continue the index to ten thousand deeds,
that were recorded by him during his continuance in office.

*Held*, that as to the first breach alleged, only nominal damages, if any,
could be recovered, as the recorder would have been entitled to extra
compensation for indexing deeds recorded before his time.

*Held*, also, that as to the second breach, the county board was authorized
to employ his successor to index the deeds recorded during the defend-
ant's term; and as he would not have been entitled to any extra allowance
for keeping up such index, the board can recover, in an action on his
bond, such reasonable sum as they may have paid to index the deeds
recorded during his term.

Monday,    APPEAL from the *Washington* Circuit Court.
November 25.
HANNA, J.—*Alexander Atkisson* was the recorder of said
county, from *August* 19, 1853, until, and for the term of, four
years. The other defendants were his securities on a bond
for the "faithful and honest discharge of all the duties of his
office." This is a suit upon the said bond; and, for breach, it
is alleged, *first*, that he failed to index twenty thousand
deeds, &c., that were in his office at the time he assumed the

duties thereof; and, *second*, that he failed to keep up and continue the index to ten thousand deeds, &c., that came into said office, and were recorded, during his term.

A demurrer to the complaint, on the ground that the facts stated were not sufficient, and for the want of proper parties, was sustained. This ruling presents the only question in the case.

Under the statutes (1 R. S., p. 427; Acts 1855, p. 158,) if he had made necessary indexes to records in his office, of deeds, &c., recorded before he came into office, he would have been entitled to compensation therefor. *Board of Com's, &c.* v. *Kromer*, 8 Ind. 446. But he would not have been entitled to any thing, other than the regular fee for recording, for keeping up said index, by entering therein deeds, &c., recorded during his term. *Turpen* v. *Board of Com's, &c.*, 7 Ind. 172; *Board of Com's, &c.* v. *Sheets, ante*, p. 22.

So far as the pleadings show, we can not perceive that for failing to index the deeds recorded before he came in, any more than nominal damages could have been recovered, if that. The board have, they allege, paid his successor for work which, if he had performed it, they would in like manner have been called upon to have paid him for. As to the other breach, the board avers that *Morrison*, the successor of said *Atkisson*, made the index of deeds, &c., recorded by said *Atkisson*, for which they were compelled to pay, and did pay, said *Morrison*.

Did these facts constitute a breach of the bond, and if so, was it to the damage of the relator?

We have no doubt that the failure of the recorder to perform the duty thus enjoined upon him, was a breach of his official bond; but whether a right of action, for such general failure, resulted to the relators, is a more difficult question. It is insisted that the bond secures to each individual a right of action for any injury which he might suffer from such neglect of duty; but that as to the public, the remedy for such breach of duty is not on the bond, but by a criminal prosecution. And further, that it was not the duty of, nor was it obligatory upon, the county board, to pay for continuing and keeping up the index.

Nov. Term,
1861.

Perhaps the question turns upon this latter proposition; for if the relators were authorized to pay the successor of *Atkisson*, for the work which he failed to perform, then it would appear to follow that they could maintain the suit. We are of opinion that they were authorized to make such payment. It may be that it was discretionary with them whether they would do so or not. As to that we need not decide.' They aver the payment. It was the duty of the officer who recorded the deeds, &c., to make the index thereof, without additional compensation, either from the individual or the county; if he failed in that duty, the board could, for the public interest and convenience, see that it was performed by another, and pay that other a reasonable compensation for the work. This, in our opinion, would give a right of action on the bond of the officer, who was thus derelict in duty, to the injury of the public. The demurrer should have been overruled.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*R. Crawford*, for the appellant.

*C. L. Dunham*, for the appellee.