*S. Stansifer* and *F. Winter,* for appellant.

---

### Hallock and Another v. Iglehart and Another.

PRACTICE.—*Motion to Strike Out.*—Where the court, on motion, has stricken matter from a pleading, and all the facts set forth in the part so stricken out are afterwards as admissible in evidence as before, and no evidence of such facts is offered, there is neither error in form nor injury to the pleader in striking out such matter.

SAME.—*Motion for New Trial.*—*Refusal of Instructions.*—If the refusal of the court to instruct the jury as requested is not made a ground of a motion for a new trial, the question will not be considered by the Supreme Court.

SAME.—*Instructions to Jury.*—The Supreme Court will not reverse a judg-

ment because an instruction to the jury, though a correct statement of the law, and expressed in fit language to be comprehended by a lawyer, is not so explained that the jury will surely understand it, if the explanation be not asked and refused below.

APPEAL from the Vanderburgh Common Pleas.

FRAZER, J.—This was a suit by attorneys to recover the value of professional services. They had judgment below for four thousand dollars.

A portion of the fourth paragraph of the answer was stricken out, on motion, and this is assigned for error. But the matter stricken out was a mere repetition of an averment which remained, in the same paragraph, as well as in the second, and under which the facts were all admissible in evidence, if proper to be proved at all. No such evidence was offered, however, and there was therefore neither error in form nor injury to the appellants in striking it out.

It is urged, that the court below erred in refusing to instruct the jury as requested by the appellants; but, inasmuch as this refusal was not made one of the grounds of the motion for a new trial below, the question cannot be considered here.

The defense was unskillfulness and want of care by the plaintiffs in performing the business, whereby the defendants were damaged, &c. There was no evidence given to the jury tending to prove this defense, and therefore it was not required that any instruction as to the liability of an attorney for negligence or want of care should have been given. Nor could any error in instructions · upon that subject have injured the defendants. Without any evidence upon the question, it was not the duty of the jury to consider it, and the court might, with propriety, have so instructed. We do not, under such circumstances, feel called upon to discuss the instructions which were given, regarding the questions which are made upon them as being entirely abstract, and having no influence upon the case presented by the record.

An instruction pertinent to the evidence is complained of, though it is admitted to be a correct statement of the law. It is objected to it that, though expressed in fit language to be comprehended by a lawyer, yet it should have been so explained that the jury would surely understand it. If this were conceded, yet we could not reverse the case unless the explanation had been asked and refused.

Finally, it is urged that the damages assessed were excessive. The evidence would, on appeal, have supported a larger verdict.

The judgment is affirmed, with three per cent. damages, and costs.

*J. G. Jones* and *R. A. Hill*, for appellants.

*A. Iglehart*, for appellees.