Ridgeway v. Dearinger.

*J. Brown* and *R. L. Polk*, for appellees.

---

RIDGEWAY *v.* DEARINGER.

42 157
143 387
42 157
158 663
42 157
164 407

PRACTICE.—*Special Finding.*—*General Verdict.*—It is only when a special finding of facts is inconsistent with the general verdict, that the former will control the latter.

SAME.—If a special finding can by any hypothesis be reconciled with the general verdict, the latter will control, and the court will not render judgment against the party who has the general verdict in his favor.

Ridgeway *v.* Dearinger.

ASSIGNMENT OF ERROR.—*Insufficient Complaint.*—Where the error assigned in the Supreme Court is, that a demurrer ought to have been sustained to the complaint, and no demurrer appears in the record, the sufficiency of the complaint is not presented by the assignment.

APPEAL from the Howard Circuit Court.

OSBORN, C. J.—This was an action to collect the amount of benefits assessed against the land of the appellant for the construction of a ditch by the appellee, under the act of March 11th, 1867.   3 Ind. Stat. 228.

The complaint sets out the proceedings before the county commissioners, the appointment and return for the assessment of the appraisers; that the appellant appealed from the assessment to the court of common pleas; that the appeal was tried and a verdict and judgment rendered in favor of the appellee, fixing the amount of assessment of benefits to the land of the appellant at the sum of one hundred and twenty-five dollars; and that the same should be a lien upon the land described in the complaint.   It is also averred in the complaint that the ditch had been fully completed according to the specifications set forth in the application; that after its completion and more than ten days before the commencement of the action, he demanded of the appellant the payment of the assessment, which he refused to make; that the same remains due and unpaid.   Judgment is demanded for one hundred and twenty-five dollars with interest thereon, and that the same be a lien upon the land, and that the court order and decree its sale on the judgment, and for proper relief.

A copy of the petition to the county commissioners, the order of the board appointing the appraisers, their oath, assessment and return, the record and judgment of the court in the appeal from the assessment, are all filed with and made a part of the complaint.

The appellant filed an answer of seven paragraphs.

After setting out the answer, the record recites that the court overruled a demurrer to four paragraphs of the answer; that a reply was filed; that the defendant filed a demurrer

to the second paragraph of the reply, and that it was sustained. The reply copied into the record contains but one paragraph, and that is a general denial.

There is no demurrer to the answer or reply in the record, nor does it state that any demurrer was filed to the answer.

The cause was tried by a jury, who returned a general verdict of sixty-seven dollars for the appellee, and answers to interrogatories submitted to them at the request of the appellant.

The appellee remitted all of the verdict but thirty dollars.

The appellant then asked for a judgment in his favor against the plaintiff on the special findings of the jury, which was overruled.

Judgment was rendered for the appellee for the sale of the land to make the sum of thirty dollars and costs.

Proper exceptions were taken to the several rulings and judgments of the court.

The errors assigned are :

1st. In not rendering judgment for the appellant on the special findings of the jury.

2d. In not sustaining the demurrer of the appellee to the appellant's answer to complaint.

According to the specifications in the application made by the appellee, "the total length of said proposed drain will be 162.08 rods, with an average fall per mile of five and one-half feet. Said drain will be six feet at the top and one foot at the depth of three feet."

The following question was submitted to the jury, at the request of the appellant:

"Did the plaintiff construct said ditch over the lands of the defendant six feet wide at the top, three feet deep, with an average fall of five and one-half feet per mile over the lands of the defendant?" To which the jury answered, "No."

That is the special finding which the appellant claims entitled him to a judgment over the general verdict for the appellee.

The ditch was one hundred and sixty-two rods and a frac-

tion in length. It ran across the lands of three persons, including forty acres belonging to the appellant. It was to be six feet wide, three deep, with an average fall of five feet and a half to the mile. The jury could not answer the interrogatory affirmatively, if the average fall of the whole ditch had been five feet and a half to the mile, nor if it had been six feet wide and three deep, unless it had the requisite average fall over the land of the appellant. The drain might have been of the width, depth, and average fall, according to the specifications, and still the jury could not answer the interrogatory affirmatively. The inquiry related to the ditch over the appellant's land, and not to its whole length, whilst the specifications related to the whole ditch.

The general verdict for the plaintiff was, in effect, that the work was done according to the specifications. The special finding is not inconsistent with it.

It is only when the special finding of facts is inconsistent with the general verdict, that the former will control the latter. Sec. 337, 2 G. & H. 206. *The Board of Comm'rs, etc.*, v. *Kromer*, 8 Ind. 446. If the special findings can, upon any hypothesis, be reconciled with the general verdict, the latter will control, and the court will not render judgment against the party who has the general verdict in his favor. *Amidon* v. *Gaff*, 24 Ind. 128.

The court committed no error in refusing to render judgment for the appellant on the special finding. There being no demurrer in the record, the court committed no error in not sustaining one to the complaint. There are several causes for demurrer specified in the statute, and in the absence of the demurrer we do not know that any cause was stated.

The sufficiency of the complaint is not before us. The error assigned is not that the complaint was not sufficient, but that the demurrer ought to have been sustained.

The judgment of the said Howard Circuit Court is affirmed, with costs.

*D. Moss*, for appellant.

*C. N. Pollard* and *J. W. Cooper*, for appellee.