### SALANDER v. LOCKWOOD.

PRACTICE.—*Supreme Court.—Record.—Inconsistency between Verdict and Answers to Interrogatories.—Bill of Exceptions.*—The general verdict of a jury, interrogatories propounded to them, and their answers thereto, form parts of the record without a bill of exceptions ; and, therefore, any inconsistency between the verdict and answers presents itself upon the face of the record without being alleged in the motion for a judgment on the answers notwithstanding the verdict.

SAME.—*Case Overruled.*—A simple verbal motion for such judgment, and an exception to the ruling thereon, present that ruling to the Supreme Court, without a bill of exceptions. *Shaw* v. *The Merchants National Bank, etc.,* 60 Ind. 83, overruled.

SAME.—*Presumptions supporting Verdict.—Evidence.*—Where, in such case, the evidence is not in the record, the Supreme Court will indulge every possible presumption in favor of the general verdict.

SAME.—*Promissory Note.—Non Est Factum.—Delivery.—Negligence.*—In an action by an endorsee, against the maker, on a promissory note payable in bank, wherein the execution of the note was duly put in issue, the jury found a general verdict for the plaintiff, and,in answer to interrogatories propounded by him, found that the defendant, being able to read, had negligently signed the note without reading it or having it read, and had impliedly delivered it. and that it was sold and endorsed to the plaintiff prior to the action, but that he had not used due diligence in purchasing it. They also found, in answer to interrogatories propounded by the defendant, that he had signed the note and laid it down, without knowing it to be a note ; that, while the defendant was in another room consulting his wife concerning the same, the agent of the payee took possession of it, and carried it away without the defendant's consent ; and that, upon his demand, the note was produced by the agent, and read and objected to by the defendant and not redelivered.

*Held,* on motion for judgment on the answers, the evidence not being in the record, that the general verdict implies that the note was in the custody of the payee as owner, and that the motion was properly overruled.

From the DeKalb Circuit Court.

*J. I. Best* and *C. A. O. McClellan,* for appellant.

*P. J. Lockwood, W. L. Penfield* and *C. E. Emanuel,* for appellee.

PERKINS, J.—This suit was brought upon a note of $210.00, dated May 13th, 1875, due six months after date,

payable at bank, and purporting to have been executed by the appellant to one A. W. Hall, and by him endorsed to the appellee.

The appellant denied its execution. Upon the issue thus formed a trial was had, and a general verdict was rendered for the appellee with a special finding of facts. The appellant moved the court for a judgment in his favor, upon the special finding of facts, notwithstanding the general verdict. This motion the court overruled, to which ruling the appellant excepted; and the court rendered a judgment upon the general verdict.

The appellant now assigns this ruling of the court as error, and the only question presented by the record is, should the appellant's motion for a judgment upon the special finding of facts, in his favor, have been sustained?

The general verdict is in the words following:

"We, the jury, find for the plaintiff, and assess the judgment at one hundred and twenty-five dollars ($125.00). The costs of prosecution to be equally divided between plaintiff and defendant."

The special findings are as follows:

Interrogatories propounded by plaintiff:

"1.   Did not the defendant sign the note sued on?

"Yes.

"2.   Was not the defendant able to read when he signed the note sued on?

"Yes.

"3.   Did the defendant try to read the note, or did he ask to have it read, before signing it?

"No.

"4.   Did not the defendant sign and deliver the note?

"By implied delivery.

"6.   Was not the defendant negligent in signing the note without reading or having it read?

"Yes.

" 7.    Is not the plaintiff an innocent purchaser before maturity, in good faith and for a valuable consideration ?

" Yes, but did not use due diligence in the purchase of the same.

" 8.    Did not the defendant execute the note before supper ?

" Yes, by implied delivery.

" 10.    Did not the defendant know that Nelson took the papers after supper ?

" Yes.

" 13.    Was not the note sold and endorsed to plaintiff before this suit was begun ?

" Yes."

Interrogatories propounded by appellant :

" 1.    Did the defendant deliver the note sued upon ?

" Yes, by implied delivery.

" 2.    Did not Nelson, the agent of the payee, after the defendant had signed, read and laid the note upon a table, and had left the room to consult his wife about the note, take it from the table and carry it away in the absence of the defendant ?

" Yes.

" 3.    Did Nelson take the note sued upon from a table where the defendant had laid it, and carry it away without the defendant's consent ?

" Yes.

. " 5.    Did defendant know he was signing a note until after it was signed ?

" No.

" 4.    Did defendant know, before he read the note, that he had signed the note ?

" No.

" 6.    Did not defendant, after he had signed the papers, take up one and commence its reading, and while so engaged, and before he had time to read it, the agent

of the payee took the others and put them in his pocket?
" Yes.

" 7. After reading one of the papers, did not defendant
demand the others of Nelson, and, when the note was pro-
duced, defendant read and objected to it?

" Yes.

" 8. After defendant read the note, did he deliver the
note?

" No."

Thus far we. have copied from appellant's brief. There
is a little confusion in the order of the interrogatories and
the answers thereto, but, on comparing them with the rec-
ord, we find they are all embraced in the above copy.

The defendant moved in writing " for judgment in his fa-
vor on the special findings of the jury, notwithstanding the
general verdict." The record proceeds: " The motion of
defendant for judgment on the special findings is now
by the court overruled, to which ruling defendant
excepts. The defendant now files his motion for a *venire
de novo* herein, in these words [*he.in.*], which motion is by
the court overruled, to which the defendant excepts, and
files his motion for a new trial herein in these words [*he.
in.*], which motion is by the court overruled, to which rul-
ing the defendant excepts, and the defendant is given thir-
ty days in which to file his bill of exceptions herein."
Thereupon judgment was rendered for the plaintiff upon
the general verdict. No bill of exceptions appears in the
record.

The only error assigned is as follows:

"The court erred in overruling appellant's motion for
judgment in his favor, on the special findings of the jury,
notwithstanding the general verdict."

Is this: error, if. it be one, presented for the considera-
tion of this court, in the absence of a bill of exceptions?

It is provided by section 559 of the code that:

" All proper entries made by the clerk, and all papers pertaining to a cause, and filed therein, (except a summons for the defendant, where all persons named in it have appeared to the action, and summons for witnesses, depositions, and other papers which are used as mere evidence) are to be deemed parts of the record; but a transcript of motions, affidavits, and other papers, when they relate to collateral matters, and depositions, and papers filed as mere evidence, shall not be certified, unless made a part of the record by exception, or order of court," etc.

Section 345 of the code is this: " Where the decision objected to is entered on the record, and the grounds of the objection appear in the entry, the exception may be taken by the party, causing to be noted at the end of the decision that he excepts."

The first clause of section 346 of the code reads thus: " Where the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exception to writing, and present it to the judge for his allowance and signature."

General and special verdicts and answers to interrogatories are a part of the record, without bills of exceptions. 2 R. S. 1876, p. 171.

Their inconsistency, therefore, if inconsistency exists, with the general verdict, appears upon the face of the record, and the statute points out the duty of the court in such case. Sec. 337 of the code declares that, " When the special finding of the facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly."

We think a motion in writing for judgment on the special findings, and the ruling of the court thereon, which must appear on the record, are all that is necessary, in connection with the verdicts already in the record, to present

the decision of the court, and the reasons of it, and that no bill of exceptions is necessary. As to this point, *Shaw* v. *The Merchants National Bank,* 60 Ind. 83, is overruled.

We remark, that it was not necessary that the motion should be in writing. The journal entry would show the making of the motion. The reasons, if any existed for it, appeared by the verdict and answers to interrogatories.

The remaining question in the cause is, were the special findings inconsistent with the general verdict.

As to the degree of inconsistency or antagonism that must exist, the rule is that it must be such as is " beyond the possibility of being removed by any evidence legitimately admissible under the issue." *Amidon* v. *Gaff,* 24 Ind. 128; *Ridgeway* v. *Dearinger,* 42 Ind. 157; *Graham* v. *Graham,* 55 Ind. 23.

The evidence in the case at bar is not in the record. The court, therefore, will indulge every possible presumption in favor of the general verdict.

The general verdict implies that the note sued on was in the custody of the payee, as owner, with the consent of the maker. If it was so, a delivery would be inferred. It is not denied that the apparent maker signed the note, and that it passed into the possession of Nelson, the agent of the payee; but it is claimed that it was without the consent of the signer.

Now, it appears by the seventh interrogatory propounded by the appellant, and the answer thereto, that the signer demanded the note of Nelson; that it was thereupon produced to and read by him; that he objected to it; and, according to the eighth interrogatory, he did not, after reading the note, redeliver it.

Now, suppose the facts were, that when Salander, the signer, called for the note, Nelson or some other person produced and read it to him, or permitted him to read it, in the hands of such person; that he made some slight

objection to it (the answer to the interrogatory does not disclose the objection he made); that he became satisfied as to the objection, and permitted Nelson to retain the note, for his principal. In such case, the possession of the principal or his agent would be legal, without a formal redelivery of the note. *Scheible* v. *Law*, 65 Ind. 332.

In short, evidence might have been given, showing acquiescence, finally, of the maker, in the note in question, and the general verdict includes the finding of such fact.

The judgment is affirmed, with costs.