Filed Jan. 10, 1884.

---

No. 10,763.

GARRETT *v.* THE BOARD OF COMMISSIONERS OF BOONE COUNTY.

COUNTY RECORDER.—*Indexes.*—*Compensation.*—Where, for any cause, a recorder fails to keep up the indexes of his office as required by law, it is the duty of his successor, under sections 5938 and 5939, R. S. 1881, to do the work, and without contract he is entitled to the compensation specified in section 5941, R. S. 1881.

From the Boone Circuit Court.

*C. S. Wesner* and *T. W. Lockhart*, for appellant.

*W. R. Stokes*, for appellee.

HAMMOND, J.—The appellant filed before the board of commissioners of Boone county an account for services while recorder of that county, in making two general indexes of deeds and mortgages which had been recorded by his predecessor in office. His account not being allowed, he appealed to the circuit court, where the case was tried by the court. There was a finding for the appellee, and, over the appellant's motion for a new trial, judgment was rendered upon the finding.

The undisputed facts proved at the trial were as follows:

The appellant was recorder of Boone county, by appointment, from June 30th, 1879, to some time in October, 1880, He succeeded William F. Morgan, who died while in office. Morgan made no general index of deeds recorded by him in deed records numbered 25, 26, 27 and 28, nor any general index of mortgages recorded by him in mortgage records numbered 13, 14, 15 and 16, and there was no general index of the deeds or mortgages recorded as aforesaid when the appellant came into office.    While the appellant was in office he made general indexes for said deeds and mortgages, being general index of deeds No. 7 and general index of mortgages No. 4.    The appellant also made general indexes of all deeds and mortgages recorded by himself while holding the office.

The following sections of acts of the Legislature of 1852 and 1855, being sections of the Revised Statutes of 1881, as below numbered, govern, we think, the case under consideration:

5938. "Each recorder in this State is hereby authorized and required, within a reasonable time after the passage of this act, to make out, where the same has not been done, a complete or general index to all the records of deeds for real estate in his office.    Such index shall be double, giving the name of each grantor and grantee alphabetically, a concise description of the premises, the date of the deed, together with the number or letter of the book, and the page in which each deed is recorded."

5939. "Each recorder is further authorized and required, as aforesaid, to make out a complete or general index to all the records of mortgages upon real estate in his office, in manner and form as prescribed in the foregoing section for deeds, excepting that the headings therein prescribed shall be so changed as to suit mortgages."

5940. "After the completion of the indexes contemplated by the last two preceding sections, each recorder shall, from time to time, upon filling a record of deeds or mortgages, in-

clude the same in the complete or general indexes as afore-
said."

5941. "The board doing county business shall allow the
recorder for making such complete or general indexes, fifteen
cents for each hundred words contained in the same: *Pro-
vided, however,* That nothing in this section contained shall
be construed to require the said board to make further allow-
ances to any recorder on account of work done under the law
hereby amended than was stipulated and agreed upon, or
than what has been paid and accepted for such service."

5942. "After the completion of such indexes, it shall be
the duty of such recorder to keep up the same, in the manner
aforesaid, as deeds and mortgages shall from time to time be
recorded, without any compensation beyond or apart from the
fees allowed by law for recording such deeds or mortgages."

The above sections should be liberally construed. Sections
5938 and 5939 should be held as continuing in force and apply-
ing to any case where a recorder may find that any of his pred-
ecessors have failed to make or keep up the complete indexes
mentioned, and, in such case, he is not only authorized but
required to make the same out. The general indexes of deeds
and mortgages are of great public importance. When made
out and kept up as required by law, they afford easy and con-
venient access to the recorded deeds and mortgages of the
county. In certain cases, these general indexes are received
as *prima facie* evidence of the execution and recording of the
deeds and mortgages as shown therein. Acts 1883, p. 132.
It is the duty of a recorder to keep up the general indexes
of the deeds and mortgages recorded by him without any
compensation other than that to which he is entitled as fees
for recording such deeds and mortgages. *Board, etc.,* v. *Sheets,*
17 Ind. 22. If, however, from any cause, he fails to keep
up such indexes, then his successor in office is required to
discharge that duty at the expense of the county, his com-
pensation being fifteen cents for each hundred words. The
county is required by law, without any contract, to pay for

such services, and, having paid for the same, may be reimbursed by suit on the official bond of the officer whose neglect of duty occasioned the expense. *State* v. *Atkisson,* 17 Ind. 26.

We think that the appellant was, under the evidence, entitled to recover, and that his motion for a new trial should have been granted.

Judgment reversed, at appellee's costs, with instruction to the court below to sustain the appellant's motion for a new trial.

Filed Dec. 18, 1883.   Petition for a rehearing overruled Jan. 9, 1884.