Reeder *et al. v.* The State, *ex rel.* Harlan.

No. 11,519.

REEDER ET AL. *v.* THE STATE, EX REL. HARLAN.

RECORDER.—*Mortgage.*—*Index.*—*Record.*—*Damages.*—*Official Bond.*—Under section 3 of the act of 1852, defining the duties of county recorders ( 1 R. S. 1876, p. 759), and sections 1, 2, 3 and 4 of the act of 1852, on the same subject (1 R. S. 1876, pp. 757–8), a county recorder and the sureties on his official bond are liable to any person sustaining injury thereby, for his failure to enter in the general index a recorded mortgage, until after the volume in which he is engaged in recording such instruments is completed, notwithstanding he has recorded the mortgage in the appropriate volume and indexed it therein.

SAME.—*Evidence.*—*Answer.*—*Demurrer.*—*Denial.*—Evidence of the fact that such instrument had been recorded and indexed in the current volume, was admissible under the general denial, and, therefore, a demurrer was properly sustained to an answer alleging such matter.

SAME.—*Color of Office.*—*Intentional Misstatements.*—*Breach of Official Duty.*—*Injury.*—*Liability.*—If a recorder, under cover of his office, designedly and purposely mislead a person interested, as to what does or does not appear upon the records of his office, it is a breach of his official duty and gives a right of action for any injury resulting therefrom upon his official bond.

From the Henry Circuit Court.

*D. W. Chambers* and *J. S. Hedges,* for appellants.

*J. H. Mellett* and *E. H. Bundy,* for appellee.

NIBLACK, J.—At the October election in the year 1876, Thomas B. Reeder was elected recorder of Henry county, and in due time executed an official bond as such recorder, with William Reiman, John C. Hudleson, Henry H. Veach and Aquilla Davis, as his sureties. After, also, taking the requisite official oath, he entered upon the duties of his office. On the first day of May, 1879, one Nathan R. Hutson executed a mortgage on a tract of land in said county of Henry to one Samuel B. Hill, to secure the payment of a promissory note for $1,200, bearing eight per cent. interest. On the 12th day of the same month that mortgage was recorded by Reeder in the proper mortgage record of Henry county.

In August following, Mrs. Frances M. Harlan, being

about to purchase the same tract of land of Hutson, caused her attorney to make an examination of the records under Reeder's charge, to ascertain whether it was free from incumbrance. Her attorney reporting to her that the land in question was free from incumbrance, she accepted the terms proposed by Hutson, and on the 26th day of August, 1879, received from him a deed of conveyance for the land. Some time, perhaps two or three years afterwards, Mrs. Harlan received actual notice of the existence and record of the mortgage from Hutson to Hill, and to prevent its foreclosure upon her land paid it in full, and caused satisfaction of it to be entered. Being without recourse against Hutson on account of his insolvency, Mrs. Harlan commenced this action in the name of the State on her relation, against Reeder and his sureties, on his official bond, for damages for his alleged failure to properly index the mortgage which she was compelled to pay as above, and for false representations concerning the existence of such mortgage as a lien on the land.

The complaint averred " that prior to said purchase and conveyance she" (the relatrix) " caused the indexes of all the records of mortgages in the recorder's office of said county " (of Henry) " to be examined and read for the purpose of ascertaining if any mortgage had prior to that time been recorded upon the mortgage records of said county upon or against said land so purchased by her, and, upon such examination, it was then and there found that there was no index of any mortgage recorded in said office upon or against said land, and that relying upon the correctness of said indexes and the truth of the representations of said Reeder, as recorder, concerning the same, she purchased and paid for the land conveyed to her by Hutson."

All the defendants, except Reiman, who was not served with process, appeared to the action, and first moved that the allegations of the complaint be required to be made more specific as to the particular index or indexes which the relatrix caused to be examined, but the court overruled the motion.

An answer in four paragraphs was then filed. The first and second paragraphs were by all the defendants. The third was by the sureties alone, and the fourth was in general denial.

The first paragraph averred that when the mortgage referred to in the complaint was received by Reeder, it was by him duly recorded in mortgage record No. 18, of Henry county, being the volume then in use for recording mortgages in that county, and properly indexed in that volume; that said mortgage was so recorded and indexed in said volume No. 18 of mortgage records when the relatrix caused the indexes of such mortgage records to be examined, as charged in the complaint; that said volume was not filled with records of mortgages until the 21st day of January, 1880.

The second paragraph repeated substantially the matters contained in the first, adding that the agent and attorney of the relatrix only examined the general index of mortgages, and that after said volume No. 18 was filled with the records of mortgages, all the mortgages therein contained were, also, indexed upon the general index of mortgages recorded in said county of Henry.

The third paragraph, being pleaded only by the sureties appearing in the action, set up in another form, but in legal effect, the same defence presented by the second paragraph.

Demurrers were severally sustained to these first three paragraphs of the answers, and the plaintiff obtained a verdict for the amount paid by the relatrix in discharge of the mortgage executed by Hutson to Hill as herein above stated. Notwithstanding formal objections first interposed, final judgment was rendered upon the verdict.

The first claim is that the circuit court erred in overruling the motion to have the allegations of the complaint made more specific. As to the part of the complaint to which the motion referred, its allegations were broad enough to let in evidence as to the examination of any and all mortgage indexes and that was sufficiently specific in an action of the class to which this belongs.

It is next claimed that the court erred in sustaining demurrers to the first three paragraphs of the answer. So far, however, as the facts set up by those paragraphs were or might have been considered material to the appellant's defence, they were as admissible under the general denial as they would have been under those special paragraphs. In any event, therefore, no injury was inflicted upon the appellants by the rulings upon those paragraphs of the answer.

Mrs. Harlan's attorney, who made a search of the mortgage records for her, testified that he examined the general indexes of mortgages in Reeder's office, and that there was no index of or reference to the mortgage from Hutson to Hill upon any of the general indexes. He also testified to conversations had with Reeder at the time which, he claimed, prevented him from making a more extended examination into the condition of the land which his client was about to purchase.

Reeder, testifying in his own behalf, stated that the mortgage referred to was properly indexed in mortgage record No. 18, at the time it was recorded, but admitted that when Mrs. Harlan's attorney came to his office to make an examination for her, the mortgage had not been indexed upon the general index of mortgages in his office. He also admitted that none of the mortgages recorded in volume No. 18 had been entered upon the general index of mortgages at that time, and were not so entered until after the 21st day of January, 1880, when that volume became filled with the records of mortgages.

Evidence was admitted, the jury were instructed, and the verdict was returned, upon the theory that Reeder, in his capacity as recorder of his county, was required when he recorded a mortgage, to index it at once upon the general index of mortgages, as well as in the volume in which it was recorded, and that his failure to so index a recorded mortgage was such a breach of official duty as rendered him liable upon his bond to any one who was thereby misled and injured.

The appellants maintained at the trial, and still seek to maintain, that Reeder was authorized, under the law, to postpone making any index entry of a mortgage on the general index, until the book in which it was recorded was filled with the records of mortgages, and could no longer be used except as a book of reference for information concerning mortgages.

Section 3 of the act defining the duties of county recorders (1 R. S. 1876, p. 759), which was in force during Reeder's term of office, was as follows: "Such recorder shall record all instruments of writing proper to be recorded, in the order of priority of time at which each was delivered at his office for record, and shall also make a complete index of all such instruments so recorded, for each volume thereof, in the manner following: The name of each grantor, promiser or covenanter, in alphabetical order referring to the proper grantee, promisee or covenantee; and also the name of each grantee, promisee or covenantee, in the same order, referring to the proper grantor, promiser or covenanter."

Sections 1, 2, 3 and part of section 4 of the act of February 16th, 1852, on the same subject (1 R. S. 1876, p. 757), were in the following words:

"SECTION 1. *Be it enacted* * * * * * That each recorder in this State is hereby authorized and required, within a reasonable time after the passage of this act, to make out, where the same has not been done, a complete or general index to all the records of deeds for real estate in his office. Such index shall be double, giving the name of each grantor and grantee alphabetically, a concise description of the premises, the date of the deed, together with the number or letter of the book, and the page in which each deed is recorded.

"SEC. 2. Each recorder is further authorized and required as aforesaid, to make out a complete or general index to all the records of mortgages, upon real estate, in his office, in the manner and form as prescribed in the foregoing section for deeds, excepting that the headings therein prescribed shall be so changed as to suit mortgages.

" SEC. 3. After the completion of the indexes contemplated by the preceding sections of this act, each recorder shall, from time to time, upon filing a record of deeds or mortgages, include the same in the complete or general indexes as aforesaid.

" SEC. 4. \* \* \* \* \* \* \* \* \* \*. After the completion of such indexes, it shall be the duty of such recorder to keep up such index, in the manner aforesaid, as deeds and mortgages shall from time to time be recorded, without any compensation beyond or apart from the fees allowed by law for recording such deeds or mortgages."

There is some obscurity in the phraseology used in the formation of section 3, lastly above set out, but, when taken in connection with the latter part of section 4, which we have also given literally, we construe both sections to collectively mean that after the completion of the indexes contemplated by the preceding sections, each recorder shall, from time to time, upon *filling* or completing the record of any deed or mortgage, include or index such deed or mortgage record in the proper, complete or general index, in the manner prescribed in such preceding sections, for which no compensation was to be allowed him beyond or apart from the fee allowed him by law for recording such deeds or mortgages, and, in this way, keep up the general indexes without any additional charges against the county.

It follows from this construction of the statutes before us, that the circuit court did not err in its interpretation of the laws then in force touching the duties of county recorders in making general indexes to records of deeds and mortgages. Besides, if there be any real inconsistency between the two sections lastly above named, section 4, being an amendment to the original act of February 16th, 1852, must be accepted as the latest expression of the legislative will on the subject of keeping up general indexes.

The failure of a recorder to properly index the record of a deed or mortgage confers a right of action against him and

his sureties upon any person injured by such failure. *State, ex rel.,* v. *Atkisson,* 17 Ind. 26.

Reeder, while on the stand as a witness, was cross-examined over the objection of the appellants as to conversations to which Mrs. Harlan's attorney had testified to having had with him in his office when the title to the land was examined, and as to matters connected with such alleged conversations, and the rulings of the circuit court in that respect are complained of as having been palpably erroneous, upon the ground that the sureties were not bound by any representations made by Reeder as to what did, or as to what did not, appear upon the records in his office, and that hence such alleged conversations were calculated to, and probably did, mislead the jury.

Reeder's bond was executed to secure the *faithful* performance of his duties as recorder. He was also required, before taking his office, to swear that he would *faithfully* perform its duties. One of those duties was to give correct and reliable information, as to matters within his knowledge, to all persons interested, concerning the condition of business or records of his office. If, therefore, Reeder, under cover of his office, designedly and purposely misled Mrs. Harlan's attorney to her injury, as charged, it was a breach of his official duty, and gave Mrs. Harlan lawful cause to complain. But, however that may have been, the questions complained of as having been irrelevant and misleading were seemingly more intended to test the credibility of the witness, and in that view, if no other, we think they did not go beyond the latitude permissible in cross-examinations. *Gilchrist* v. *Gough,* 63 Ind. 576; *Nichol* v. *Henry,* 89 Ind. 54; *Garrett* v. *Board, etc.,* 92 Ind. 518; *State, ex rel.,* v. *Davis,* 96 Ind. 539.

The judgment is affirmed, with costs.

Filed Oct. 28, 1884.