Filed Oct. 16, 1884.

---

No. 11,857.

## THE PENNSYLVANIA COMPANY v. SMITH.

SUPREME COURT.—*Motion for Judgment on Answers of Jury to Interrogatories.* —*Verdict.*—*Evidence.*—In reviewing the ruling upon a motion for judgment upon the answers of the jury to interrogatories, notwithstanding the general verdict, the Supreme Court can not look to the evidence; and in order that the answers may control the verdict, there must be between them an antagonism, which could not be removed by any evidence admissible under the issues.   If an answer, apparently antagonistic to the verdict, can be reconciled therewith by other answers, the verdict will stand.

PRACTICE.—*Evidence.*—*Objection to Answer.*—It is not error to overrule an objection to a question on the ground of irrelevancy, when it is not apparent that the question calls for irrelevant testimony.

SAME.—*Motion to Strike Out.*—*New Trial.*—The refusal of the court to strike out an answer to a question must be made the ground of a motion for a new trial, to reserve the question.

NEGLIGENCE.—*Instruction.*—*Issue.*—*Wilfulness.*—When the issue on trial is negligence, it is error to charge the jury that if defendant's negligence was so gross as to imply a willingness to inflict the injury, the plaintiff may recover even though he did not use ordinary care to avoid the injury.

SAME.—*Pleading.*—*Averment of Gross Negligence.*—*Wilfulness.*—In pleading,

---

The Pennsylvania Company v. Smith.

---

an averment that the injury was caused by the recklessness and gross negligence of the defendant, is not equivalent to a charge that the injury was inflicted purposely or wilfully.

From the Floyd Circuit Court.

*S. Stansifer,* for appellant.

*J. V. Kelso* and *J. H. Stotsenburg,* for appellee.

BLACK, C.—The appellee sued the appellant and the Louisville, Evansville and St. Louis Railway Company, and the Jeffersonville, Madison and Indianapolis Railroad Company, the substance of the complaint being that, on, etc., the defendants were operating a railroad running through the city of New Albany, and were in possession of and operating on said railroad a locomotive engine and a train of cars thereto attached; and that while the plaintiff was engaged in unloading boxes of glass from his wagon into cars standing on a railroad switch, the defendants, by their servants, so negligently drove and conducted said engine and train that thereby the same ran and were driven against the plaintiff's said wagon and his horses harnessed thereto, without any fault or negligence on his part, thereby breaking and destroying said wagon, wounding and disabling said horses, etc., whereby the plaintiff was damaged, etc.

The defendants severally answered by general denial. The cause was tried by jury, and a verdict was returned against the appellant and in favor of the other defendants. The jury also returned answers to interrogatories asked by the defendants.

A motion for judgment in favor of the appellant upon the answers of the jury to interrogatories, notwithstanding the general verdict, and the appellant's motion for a new trial, were overruled, and judgment was rendered upon the verdict.

The appellant has assigned as errors the overruling of his said motions. The only interrogatories and answers specially indicated by the appellant as inconsistent with the general verdict, are the fourteenth and eighteenth, as follows:

" 14. Was the place where the plaintiff's horses and wagon were placed, between the box car on the spur track and

the main track, a safe place for the wagon and team, taking into consideration the distance between the outside of the wagon and the outside of passing cars and trains? Answer. No."

"18. Was there not a strong probability that a team standing with their heads toward an approaching train, and with a car on the south side of them, and the main track along which the train was moving toward them as near to them as in the present case, would become frightened and unmanageable? Ans. Yes."

In reviewing the ruling upon the motion for judgment upon the answers to interrogatories, notwithstanding the general verdict, we can not look to the evidence; and in order that the answers may control and override the verdict, there must be between them an antagonism, which could not be removed by any evidence admissible under the issue. If any particular answer be thought to be antagonistic to the general verdict, but may be reconciled therewith by the aid of other answers, the general verdict will not be overridden.

Assuming that the evidence showed the collision and damage to the plaintiff, the issue further involved the question whether the appellant was negligent, and, if so, the question whether the appellee was chargeable with contributory fault.

From the fact that the place at which the plaintiff's horses and wagon were placed, with reference to the distance therefrom to passing trains, was, as the event showed, not, as a matter of fact, a safe place, it would not necessarily follow either that the appellant was not negligent, or that there was contributory fault on the part of the appellee. Other facts, which may be readily supposed, might be shown in evidence, which, agreeably with this fact or conclusion, would plainly prove the appellant's negligence and absence of fault on the part of the appellee.

It was not shown by any of the answers of the jury that the team was standing with the heads of the horses toward the train, as it approached, and the evidence might have shown

the contrary. But if the answers had shown the team to be in the position supposed by the eighteenth interrogatory, yet, although, as shown by another answer, the collision was caused by the fact that the horses were frightened by the train, it would not follow, because there was a strong probability that horses so situated would become frightened and unmanageable, that under all the circumstances not disclosed by the answers of the jury, but which might have been shown in evidence, the jury would not be authorized to find, as they did by their general verdict, that there was negligence on the part of the appellant and absence of fault on the part of the appellee.

The facts, that the place in which the horses and wagon stood was not a safe place for them, and that there was a strong probability, because of their situation, that the horses would be frightened by an approaching train, might, with other supposable circumstances, strongly indicate fault on the part of the person in control of the team, and might also tend to exonerate the appellant from a charge of negligence, but, in the absence of knowledge of other controlling circumstances, these facts could not lead to any conclusion upon the question of negligence.

There were no facts shown by other answers which, with these, could control the general verdict; on the contrary, it was found in answer to other interrogatories, that the person in control of the team as the plaintiff's servant, was not careless in placing the horses and wagon between the box-car and the main track, and that, in placing the horses and wagon where he did, he was without fault, and that it was careful management on his part to place the horses in the position occupied by them.

There was no error in overruling the appellant's motion for judgment on the answers to interrogatories, notwithstanding the general verdict.

Among the instructions given to the jury, for the giving of which a new trial was asked, was the following:

" When the negligence of the defendant causing the injury is so gross as to imply a disregard of consequences or a willingness to inflict the injury, then the injured plaintiff may recover, even though he did not use ordinary care to avoid the injury. Recklessness in the management of trains is such gross negligence as is utterly regardless of consequences."

The driver of the team, testifying as a witness for the plaintiff, stated that he saw the train approaching around a curve at a very rapid rate, and jumped out of the wagon to unhitch the horses' head-chains, to keep them from backing the wagon ; that he knew that the train was running so fast that it was dangerous. He was asked by the plaintiff, " What other reason, if any, was there why you got down off the wagon ? " The defendants objected to the question, on the ground that it was irrelevant. The court having overruled the objection, the witness answered : ".When I looked up the road I saw that Whalen was the engineer on the train ; I knew him from a little boy up, and that he was reckless in running trains."

The witness was then asked, " What had that to do with your getting off the wagon ? " The defendant objected to this question, on the ground that it was irrelevant, and the court having overruled the objection, the witness answered : " I knew that if Whalen was coming down there on that track he would not check up and give a man a chance to get out of the way ; I knew that from past experience."

We can not say that there was any error in overruling the objections to these questions. It was not apparent that either of them called for irrelevant testimony. A motion was made to strike out the answer to the former question, and the motion was overruled, but this action of the court was not made a cause in the motion for a new trial. We are not called upon, therefore, to decide whether either answer should have been struck out upon a proper application therefor. But this evidence was before the jury and deserves notice in connection with the instruction quoted above. That instruction was plainly erroneous. The issue on trial was one con-

cerning negligence. A charge of wilful injury would have made a different cause of action.

If it were found that the plaintiff's want of ordinary care concurred as a proximate cause in effecting his injury, he could not recover under the issue, however negligent the defendant may have been.

In pleading, an allegation that an injury for which redress is sought was caused by the recklessness and gross negligence of the defendant, will not amount to a charge that the injury was inflicted purposely or wilfully. *Cincinnati, etc., R. R. Co.* v. *Eaton,* 53 Ind. 307. But, "As a matter of evidence, proof that the misconduct of the defendant was such as to evince an utter disregard of consequences, so as to imply a willingness to inflict the injury complained of, may tend to establish wilfulness on the part of the defendant." *Pennsylvania Co.* v. *Sinclair,* 62 Ind. 301.

For an injury wilfully inflicted a recovery may be had, though the person injured "did not use ordinary care to avoid the injury;" but evidence of negligence of the defendant causing the injury, so gross as to imply a disregard of consequences or a willingness to inflict the injury, can not be treated as evidence authorizing a recovery by the plaintiff who did not use ordinary care to avoid the injury, where the allegations of his pleading do not amount to a charge that his injury was purposely or wilfully caused by the defendant. Proof of recklessness or gross negligence on the part of the defendant, under the issue tried in this case, could not avail more against the defendant than would any satisfactory proof of the defendant's want of ordinary care. See *Terre Haute, etc., R. R. Co.* v. *Graham,* 95 Ind. 286.

The judgment should be reversed.

PER CURIAM.—Upon the foregoing opinion, the judgment is reversed, at the appellee's costs, and the cause is remanded for a new trial.

Filed Oct. 16, 1884.