Shuck *v.* The State, *ex rel.* Cope.

Filed Nov. 28, 189

---◆---

No. 16,796.

## SHUCK *v.* THE STATE, EX REL. COPE.

OFFICE AND OFFICER.—*Eligibility, Meaning of.*—*Constitution, Construction of.*—The words "eligible to any office," as used in section 10, article 2, of the constitution, mean "eligible to hold the office," and do not refer to the election; for, if a person is eligible to hold the office when the time for induction into office arrives, he may take the office, though not eligible to hold the office when elected.

SAME.—*Title to Office, When Vests, How Vested.*—*Commission not Necessary.*—The election of an officer by the people and the declaration of the board of canvassers vests the title to an elective office, the Governor's commission being nothing more than a convenient form of evidence that the title to such office has been vested in a person by the votes of the people, and not being necessary before the person elected may enter upon the discharge of his official duties.

SAME.—*County Auditor.*—*Bond.*—*Immaterial Alteration.*—*Striking Out the Word "Commissioned."*—Where a person elected as county auditor filed his bond, and, before the approval of the same, the word "commissioned" was struck out in the absence of the sureties, such alteration is immaterial, not in any way changing the legal effect of the bond.

INTERROGATORIES TO JURY.—*Answers to, When Sufficient to Overthrow General Verdict.—Rule as to.—Presumption.—Intendment.*—Answers of the jury to interrogatories override the general verdict only when both can not stand, and the antagonism must be apparent on the face of the record, beyond the possibility of being removed by any evidence legitimately admissible under the issues, every presumption being indulged in favor of the general verdict.   No intendment can be made in aid of answers to interrogatories, and they can not control where their meaning is so uncertain that it can not be definitely ascertained, nor will the answers control where they are contradictory or inconsistent with each other.

From the Jennings Circuit Court.

*W. New, J. Overmyer* and *F. E. Little*, for appellant.
*G. F. Lawrence, A. C. Harris, L. A. Cox* and *B. F. Tweedy*, for appellee.

DAILEY, J.—The facts involved in this case are as follows:

On the 17th day of August, 1885, the appellant, William A. Shuck, was appointed treasurer of Jennings county, Indiana, to fill a vacancy caused by the death of Charles Gautier.   Appellant qualified and entered upon the discharge of his duties as such treasurer on the 9th day of November, 1885, and served in said trust until the 18th day of November, 1886, when he made settlement with the board of commissioners of said county, and with one John D. Kidd, who had been elected as his successor, paid over to said Kidd the full amount of money then found to be in his hands or chargeable to him, and turned the office of treasurer over to said Kidd.

At the November election, in 1886, the appellee's relator, John C. Cope, was elected auditor of Jennings county for four years, and until his successor should be elected and. qualified.

In the political campaign of 1890 the appellant, Shuck, was the nominee of his party and a candidate for auditor of said county, and the appellee's relator was a can-

didate for reëlection thereto and the chief competitor of said Shuck. At the November election, of said year, the appellant, Shuck, received the highest number of votes cast for said office, and was duly declared elected by the board of canvassers of said county. The result of the election was certified, as provided by law.

Immediately after the election, to wit: On and after November 7th, 1890, John D. Kidd, the then county treasurer, filed with the governor of the State of Indiana, sworn statements that Shuck, as an ex-county treasurer, was a defaulter in the sum of $1,884.06. Upon these sworn statements the governor declined to issue a commission to the appellant on the ground that he was ineligible to hold the office under section 10, article 2, of constitution of this State.

On November 20th, 1890, appellant called upon the said county treasurer, at his office, and inquired how much it was claimed he was short in his accounts as former treasurer. Kidd responded that the amount was $2,357.66. Appellant went and got the money, returned and paid it over to said Kidd, taking a receipt for the same.

Shuck, at the time, stated that he did not owe anything, but paid it under protest, simply that he might get his commission, which was being withheld from him by false charges. With this receipt Shuck then demanded his commission from the governor, but the county treasurer then claimed that his shortage was $4,854.84, and the commission was still withheld. The official bond of appellant, as auditor of said county, was filed on November 18th, 1890, but the board of commissioners refused to approve it because the appellant had no commission from the governor. Meanwhile Cope had held the office of auditor, excluding the appellant therefrom, and so con-

tinued to do until the 9th day of December, 1891, when the board approved the appellant's bond as auditor, and he at once entered upon the discharge of his duties.

After the approval of Shuck's bond and his entering upon said service as stated, the relator brought the suit at bar, which was tried by a jury in Jennings county, and on the 17th day of June, 1892, a general verdict was rendered by the jury in favor of the appellant. The jury also answered special interrogatories, and on the 14th day of October, 1892, the court, on the relator's motion, rendered judgment in his favor on the answers to the special interrogatories, notwithstanding the general verdict.

From this judgment the defendant, Shuck, appealed.

The errors assigned are seven in number, the first, second, third, and fourth of which relate to rulings upon certain paragraphs of the pleadings, and the seventh to the overruling of the appellant's motion for a new trial. The fifth specification is that the court erred in overruling appellant's motion for judgment in his favor on the general verdict of the jury and on the pleadings in said cause, and the sixth is that the court erred in sustaining appellee's motion for judgment in his favor upon the special findings and answers to the interrogatories, notwithstanding the general verdict.

As to the issues in this cause, the record discloses the following facts:

The first paragraph of the complaint was withdrawn and is in no way in the case.

The second paragraph essentially states that the relator, Cope, being eligible, etc., was in November, 1886, elected auditor of Jennings county, and duly qualified; that in November, 1890, relator and the appellant, and one Williams, were candidates at the then pending election for said office; that Shuck received the highest number

of votes, and Cope the next highest number, but that Shuck was ineligible to hold the office of auditor on November 13th, 1890, and so continued to be the entire day by reason of section 91 of the constitution of Indiana, for that Shuck had held the office of county treasurer from the 9th day of November, 1885, to the 18th day of November, 1886, and had not accounted for the money then in his hands as county treasurer. Wherefore, the said relator herein says that the votes cast for said William A. Shuck can not be counted, and therefore said relator, in fact and in law, received the highest number of votes at said November, 1890, election for said office of auditor of said county, and was therefore elected to the term of said office, beginning on the 13th day of November, 1890; that he went into office November 13th, 1886, gave the additional bond required by the act of 1889, and continued in office until the 9th day of December, 1891, when it is alleged that Shuck took the office by force, but was never commissioned by the governor; that the relator applied to the governor for a commission for the term beginning November 13th, 1890, but the commission was refused; that, by reason of all the facts herein stated, he was and had been lawfully entitled to a commission ever since the said November election, and is now so entitled, and is now the legal and lawful auditor in and for said county and State, for four years from November 13th, 1890. Then follows a prayer for damages and that the relator have possession of said office.

The third paragraph of the complaint, in substance, is that Cope was elected auditor in 1886 for four years from the 13th day of November, 1886, and until his successor should be elected and qualified, and that said Cope duly qualified; that by virtue of said election in November, 1886, relator took possession of said office of auditor un-

til December 9th, 1891, when Shuck, who was a candidate for auditor at the November election in 1890, and who received the highest number of votes, claiming by virtue thereof, and by virtue of the approval of his bond as such auditor, by the board of commissioners of said county, to have the right to hold said office, took possession of said office by force; that Shuck has never been commissioned by the governor, and that therefore the acceptance and approval of his bond were void. Wherefore, relator says he is entitled to hold said office till his successor shall have been elected and qualified.

The fourth paragraph is like the third, except it is alleged therein that in November, 1890, Shuck, with others, duly executed his bond as such auditor, in the penal sum of ten thousand dollars, and that, on the 9th day of December, 1891, in the absence of the sureties on said bond, Shuck, by his attorney, struck out the word "commissioned" from said bond, before it was accepted and approved.

Separate demurrers were filed by the defendant to each paragraph of the complaint, which were overruled, and the defendant excepted.

To this complaint Shuck filed an answer in four paragraphs; the first being in general denial. The second averred that Shuck was treasurer of said county from November 9, 1885, to November 18, 1886, but made full settlement with Kidd, his successor, and was never, at any time, in default; that he was elected auditor of said county at the November election of 1890, and qualified in due time; that owing to the machinations of the relator, Cope, no commission was issued to him, but that on December 9, 1891, the board of commissioners approved the bond which had been duly executed by him and his sureties, and duly filed for approval on November 18, 1890, and that the defendant then entered peace-

ably on the discharge of the duties of his office as auditor. The third paragraph recites the same facts as the second, and, in addition thereto, that on the 20th day of November, 1890, to relieve himself of the charge that had been made against him, that he was a defaulter, so that he might procure his commission, he paid over to Kidd, then county treasurer, the sum of $2,357.66, being the full amount claimed to be due from him; that he paid this money under protest, denying that he owed any part of it; that if by any possibility there had been any error in the settlement made with his successor, as county treasurer, the sum so paid over far exceeded any such error, and that the 20th day of November, 1890, was before the beginning of the term of office, as auditor, for which he had been elected. The fourth paragraph of answer is like the third, except it is alleged that the 20th day of November, 1890, on which the said sum of $2,357.66 was paid over to said Kidd, as above stated, was before the expiration of the time given defendant to qualify as such auditor, under section 5527, R. S. 1881.

A demurrer was sustained to this paragraph, to which the defendant excepted, and a reply was filed to the second and third paragraphs of the answer in general denial.

In view of the record in this case, we do not think it necessary that we should consider the rulings of the trial court upon the demurrers to the several paragraphs of the complaint. We may suggest, however, that the words "eligible to any office," as used in section 91 of the Constitution of Indiana, mean "eligible to hold the office," and do not refer to the election. If a person is eligible to hold the office when the time for induction into office arrives, he may take the office, though not eligible to hold the office when elected. *Brown* v. *Goben, Aud.,* 122 Ind. 113.

The words "eligible to an office," relate to the capacity to hold the office, and the term "eligible" means legally qualified. *Smith* v. *Moore*, 90 Ind. 294.

It is also the law that an officer in this State who is elected by the popular vote does not need a commission in order that he may be entitled to enter upon and discharge his official duties. *State, ex rel.*, v. *Allen*, 21 Ind. 516; *Board, etc.*, v. *State, ex rel.*, 61 Ind. 379; *State, ex rel.*, v. *Peelle*, 121 Ind. 495.

It is the election by the people and the declaration of the board of canvassers that vest the title to an elective office. The Governor's commission is nothing more than a convenient form of evidence that the title to an elective office has been vested in a person by the votes of the people. Such a commission is not conclusive evidence of any thing except its own existence. R. S. 1881, sections 4717 and 4718; *Jones* v. *State, ex rel.*, 112 Ind. 193; *State, ex rel.*, v. *Shay*, 101 Ind. 36; *Hadley* v. *Gutridge*, 58 Ind. 302.

It is averred, in the fourth paragraph of the complaint, that after the filing of Shuck's bond, and before the approval of the same, the word "commissioned" was struck out, in the absence of the sureties.

In *State, ex rel.*, v. *Berg*, 50 Ind. 496, 503, this court said: "It is well settled that an immaterial alteration, that is, one that does not in any way vary or change the legal effect of an instrument, does not render it invalid, by whomsoever the alteration may have been made," citing 2 Parsons Con. (6th ed.), p. 720, and notes; *Cochran* v. *Nebeker*, 48 Ind. 459, and, on page 505 of the same opinion, the court said: "Where an alteration is made by a stranger to the instrument, without the participation of the party interested, it is a mere spoliation, and the rights of the parties are not affected."

A bond defective in form or substance, or in its approval, is still valid.    R. S. 1881, section 5530.

But the word "commissioned" was not necessary to the validity, or even to the proper form of the bond.  We think the controlling question in this case is, should the judgment for the appellee on the answers to the interrogatories, notwithstanding the general verdict, be reversed and the cause remanded, with instructions to the court below to render judgment for the appellant on the general verdict of the jury?

The fifth and sixth assignments of error raise this question for our consideration.   An examination of the principles of law involved in these assignments of error establish that the jury, by their general verdict, found that Shuck owed nothing as an ex-treasurer of Jennings county; that he never was in default as such treasurer, and that the title and right to the office of auditor of said county was in him.   It is an axiom in law that the special findings of the jury override the general verdict only when both can not stand; and the antagonism must be apparent on the face of the record, beyond the possibility of being removed by any evidence legitimately admissible under the issues, and every presumption will be indulged in favor of the general verdict.   *Amidon* v. *Gaff*, 24 Ind. 128; *Baldwin* v. *Shuter*, 82 Ind. 560; *Northwestern, etc., Life Ins. Co.* v. *Heimann*, 93 Ind. 24; *Lockwood* v. *Rose*, 125 Ind. 588; *Indianapolis, etc., R. R. Co.* v. *Lewis*, 119 Ind. 218.

No intendments can be made in aid of the answers to interrogatories, nor will they defeat the general verdict if they are contradictory in themselves.   The general verdict must stand, unless the facts found in answer to interrogatories are utterly destructive of it.   The facts stated are only to be considered, and no attention is to be paid to items of evidence improperly thrust into the

answers to interrogatories. *Kirkpatrick* v. *Reeves*, 121 Ind. 280.

If a special finding can, by any hypothesis, be reconciled with the general verdict, the latter will control. *Adams* v. *Cosby*, 48 Ind. 153; *Indianapolis, etc., R. R. Co.* v. *Stout, Admr.* 53 Ind. 143.

In *Kirkpatrick* v. *Reeves, supra*, ELLIOTT, J., said: "This [the general] verdict must stand unless the facts found in answer to interrogatories are utterly destructive of it. No intendments can be made in aid of the answers to interrogatories, nor will they defeat the general verdict if they are contradictory within themselves," citing *Redelsheimer* v. *Miller*, 107 Ind. 485; *Rice* v. *Manford*, 110 Ind. 596.

The fact that answers to special interrogatories propounded to the jury are contradictory or inconsistent with each other cause them to neutralize each other, and the general verdict will stand unimpaired. *Chicago, etc., R. R. Co.* v. *Ostrander*, 116 Ind. 259.

In *Kirkpatrick* v. *Reeves, supra*, it is further said: "As the general verdict finds that false and fraudulent representations were made by the defendant (that being the ground of the complaint), and acted upon by the plaintiff, it must stand, unless it can be adjudged that the answers to the interrogatories, taken as a whole, show there was no fraud."

The law is, that before the special findings of the jury upon particular questions of fact will control the general verdict, all the facts to authorize an adverse conclusion must appear by such special findings. *Bellefontaine R. W. Co.* v. *Hunter, Admr.*, 33 Ind. 335; *Campbell* v. *Dutch*, 36 Ind. 504; *Rice* v. *City of Evansville*, 108 Ind. 7.

If the special findings of the jury are inconsistent with each other, contradictory, and uncertain in their meaning, such findings will not control the general verdict.

Shuck *v.* The State, *ex rel.* Cope.

*Grand Rapids, etc., R. R. Co.* v. *McAnnally*, 98 Ind. 412; *Wabash R. W. Co.* v. *Savage*, 110 Ind. 156; *Gates* v. *Scott*, 123 Ind. 459.

If the interrogatories and the answers thereto are so uncertain that the meaning can not be definitely ascertained, such answers can not be made to control the general verdict. *Comer* v. *Himes*, 49 Ind. 482; *Scheible* v. *Law*, 65 Ind. 332; *Sanders* v. *Weelburg, Exx.*, 107 Ind. 266.

A special verdict must state all the facts essential to recovery; and nothing can be supplied by intendment. The settled rule is, also, that all the facts essential to recovery must appear in the special findings, or they will not avail the party who relies on them. *Rice* v. *City of Evansville, supra*, p. 7. In this case, ELLIOTT, J., said: "The facts found by the jury in this case, even if there were no general verdict against appellant, would not warrant a judgment in his favor on the ground assumed in the argument we are here discussing, and with the general verdict confronting him, it is legally impossible for him to succeed."

The special findings can not be aided by intendments, much less can they be aided by any outside paper or document, or mere piece of evidence that might have been uncontroverted during the trial. The special findings, as against the general verdict, must of themselves and by their own clearness and strength carry the case and overthrow the general verdict. Applying these tests to the case under consideration, if there were no general verdict in favor of Shuck, it is legally impossible that Cope can have judgment upon the special findings.

Interrogatories from one to eight inclusive, and the answers thereto, are addressed to the removal of the lock and the placing of a new one on the door of the office of the auditor by the appellant, Shuck, and to the taking

of the key to the vault by him on the 9th day of December, 1891, at a time more than a year after the result of the election was declared and Shuck had filed his bond and sought to qualify as auditor of Jennings county.

The sixth and eighth interrogatories and the answers thereto are the most definite of the first eight of the series, being as follows:

"6. Did not William A. Shuck, without the consent of John C. Cope, or deputies, take by force the key to the vault containing the public records of the auditor's office forcibly from Martin Shepherd on the 9th day of December, 1891? Answer. Yes.

"8. Was not John C. Cope in peaceable possession of the auditor's office, as auditor of Jennings county, Indiana, on the 9th day of December, 1891, and at the time the key to the vault was forcibly taken from Martin Shepherd, said Cope's deputy, and the lock was placed upon the outside door by Richard Osborn, at the request of William A. Shuck? Answer. Yes."

Each and every one of these special findings up to and including number eight is overthrown by the answer given to appellant's interrogatory, as follows: "Had not the said William A. Shuck been duly elected and qualified to take the office of auditor of Jennings county, on and before said 9th day of December, 1891, and had he not peaceably entered upon the discharge of his duties when Martin Shepherd sought to interfere with him in the discharge of such duties before the change of the lock on the door of the auditor's office and before the taking of the key to the vault? Yes.

"W. G. Simpson, Foreman."

It is there found that Shuck, being duly authorized so to do, had entered peaceably on the discharge of his duties as auditor before the change of the lock and the taking of the key. This finding places the appellee in

the attitude of an interloper when the event occurred. One who intrudes or thrusts himself, or enters without right into an office is a trespasser, and may be expelled as such.

The most that could be contended is, that these special findings are contradictory, but that could not avail appellee, for the reasons stated, to defeat the will of the people.

"Where the answers contradict each other, the utmost that can be said is that one finding nullifies the other, and, if this be true, the general verdict stands without opposition. In determining what effect shall be assigned to the answers, all must be considered, and a party is not at liberty to select such as suits his purpose and reject such as are against him." *Grand Rapids, etc., R. R. Co.* v. *McAnnally, supra; Growcock* v. *Hall,* 82 Ind. 202; *Strecker* v. *Conn,* 90 Ind. 469.

The main question in this case, in the adjustment of the rights of the parties to this contest, is, was Shuck a defaulter when his actual term began? The appellee relies upon interrogatory number ten and the answer thereto, in support of his claim that appellant was in default. We copy the interrogatory and answer, as follows:

"Did not Shuck, on November 20, 1890, pay to John D. Kidd, the treasurer of Jennings county, the sum of $2,357.66, as public money, with which said Shuck was then chargeable as such treasurer, and present to said Kidd for his official signature, and which Kidd signed at Shuck's request a receipt in the words and figures following:

"'VERNON, IND., November 20, 1890.

"'$2,357.66.

"'Received of William A. Shuck, ex-treasurer of Jennings county, Indiana, and whose term of office as such treasurer expired November 18, 1886, the sum of twenty-

three hundred and fifty-seven dollars and sixty-six cents, that being the amount of public money with which said Shuck was chargeable as such treasurer at said date, and which he has not accounted for and paid over until now, as shown by the books and records of said office.

" '[Signed]　　　JOHN D. KIDD, Treasurer J. C.'

"Yes.　　　　　　W. G. SIMPSON, Foreman."

By the receipt above set out it is found, as a fact, that Kidd received of Shuck $2,357.66, the amount of public money with which he was chargeable, as treasurer, and had not accounted for or paid over, *as shown by the books and records of said office.* As we understand it, the interrogatory carefully evades asking the jury whether Shuck "owed" any thing or was in default on account of his service as treasurer. The direct question could have been asked and an answer elicited, but it was not done, and the finding of the fact that appellant paid a sum of money for which a receipt was executed to cover an amount shown by certain books and records, will not overthrow a general verdict finding that nothing was owing, and that there was no default. For the reasons stated, this cause is reversed, and the cause remanded, with instructions to the court below to render judgment for appellant, William A. Shuck, on the general verdict of the jury.

Filed Dec. 12, 1893.