# McCoy *v.* The Kokomo Railway and Light Company.

[No. 19,857.   Filed May 27, 1902.]

TRIAL.—*Verdict.*—*Special Findings.*—To enable a party successfully to interpose the special findings of the jury upon particular questions of fact as a reason for judgment in his favor, notwithstanding a general verdict against him, he must, at least, have special findings that stand in such clear antagonism to the general verdict that the two can not coexist.   p. 663.

SAME.—*Judgment on Special Findings.*—A judgment can not be rendered on answers to interrogatories, in opposition to a general verdict, unless the findings are sufficient, when strictly construed, to warrant a judgment within the issues in favor of the moving party.   p. 665.

SAME.—*Contradictory Findings.*—Contradictory answers to interrogatories cancel or neutralize each other, but in no way impair the general verdict.   p. 665.

STREET RAILROADS.—*Collision.*—*Special Findings.*—*Contributory Negligence.*—In an action for damages caused by a collision with a street-car, a finding that plaintiff at the time of the injury was voluntarily attempting to drive across defendant's track, does not warrant the conclusion that plaintiff voluntarily encountered the danger.   pp. 665–667.

SAME.—*Collision.*—*Special Findings.*—*No Finding as to Speed of Car.* —*Contributory Negligence.*—In an action for damages caused by a collision with a street-car at a highway crossing, special findings of the jury showed:   That plaintiff, having the average capacity to see and hear, and knowing that the cars frequently ran on a certain track, and that his horse was afraid of the cars, attempted to drive across the track without stopping, though his view was obstructed; that he looked and listened, but did not see the car till his horse was going on the track.   There was no finding as to the speed of the car.   *Held,* that the special findings do not show contributory negligence so as to authorize a judgment for defendant notwithstanding a general verdict for plaintiff.   pp. 665–667.

From Howard Superior Court;  *H. Brownlee,* Judge.

Action by Thomas O. McCoy against the Kokomo Railway and Light Company.   From a judgment for defendant, plaintiff appeals.   Transferred from Appellate Court, under §1337u Burns 1901.   *Reversed.*

*J. C. Blacklidge, C. C. Shirley* and *C. Wolf*, for appellant.

*L. J. Kirkpatrick* and *J. F. Morrison*, for appellee.

GILLETT, J.—The appellant by his complaint charged the appellee with negligently causing its street-car to collide with a buggy in which he was driving, thereby injuring him. On an issue formed by the filing of a general denial to the complaint the cause was submitted to a jury for trial. The jury returned a verdict for appellant, and also made answer to fifty-nine interrogatories that the court, on the motion of appellee, caused to be submitted to such jury. The court sustained a motion of appellee for judgment in its favor on the answers to interrogatories, and rendered judgment accordingly. The appellant, in the manner required by law, has presented the question as to the propriety of the above rulings for our determination. It is contended by appellee's counsel, in support of the action of the trial court, that the answers to interrogatories affirmatively show that appellant was guilty of contributory negligence, and that it is also thereby shown that appellee was not guilty of negligence as charged.

In passing on a motion for judgment notwithstanding the verdict, it should be borne in mind that the verdict necessarily covers the whole issue, and that it solves every material fact against the party against whom it is rendered. To enable the latter successfully to interpose the special findings of the jury upon particular questions of fact, as a reason for judgment in his favor, he must, at least, have special findings that stand in such clear antagonism to the general verdict that the two can not coexist. *Amidon* v. *Gaff,* 24 Ind. 128; *Ridgeway* v. *Dearinger,* 42 Ind. 157; *McCallister* v. *Mount,* 73 Ind. 559; *Cook* v. *Howe,* 77 Ind. 442; *Pittsburgh, etc., R. Co.* v. *Martin,* 82 Ind. 476; *Baldwin* v. *Shuter,* 82 Ind. 560; *Pennsylvania Co.* v. *Smith,* 98 Ind. 42; *Indianapolis, etc., R. Co.* v. *Lewis,* 119 Ind. 218; *Graham* v. *Payne,* 122 Ind. 403; *Ohio, etc., R. Co.* v. *Trow-*

*bridge,* 126 Ind. 391; *Keeley Brewing Co.* v. *Parnin,* 13 Ind. App. 588. In some of the cases cited it was declared that the motion can not be sustained unless the special answers constitute an insurmountable barrier to a recovery by the opposite party, while in other of said cases it was said that the answers will not control the verdict, if the verdict and the answers can be reconciled on the basis of any reasonable hypothesis. The court ought not to assume an attitude of unreason in ruling on such a motion, because that would be to abridge the operation of the interrogatory statute. To the end, however, that, unless clearly entitled to it, a party may not obtain a judgment to whom the jury evidently did not intend that a judgment should be awarded, and, because of the presumption against the jury having been inconsistent in its findings, it is required that every reasonable intendment shall be indulged in favor of the general verdict, and that, on the other hand, the court shall strictly, and without favorable intendment, construe the answers to interrogatories against the moving party. *Pittsburgh, etc., R. Co.* v. *Martin, supra; Grand Rapids, etc., R. Co.* v. *McAnnally,* 98 Ind. 412; *Keeley Brewing Co.* v. *Parnin, supra,* and cases there cited. It is not permitted that the court, in ruling on a motion for judgment based on the answers to interrogatories, should regard the evidence that was introduced upon the trial. *Higgins* v. *Kendall,* 73 Ind. 522; *Stevens* v. *City of Logansport,* 76 Ind. 498; *Pittsburgh, etc., R. Co.* v. *Martin, supra; Pennsylvania Co.* v. *Smith, supra; Cox* v. *Ratcliffe,* 105 Ind. 374; *British-American, etc., Co.* v. *Wilson,* 132 Ind. 278. The motion should be refused where the antagonism between the verdict and the answers to interrogatories is not such, on the face of the record, as to be beyond the possibility of being removed by any evidence legitimately admissible under the issues. *Indianapolis, etc., R. Co.* v. *Lewis, supra; Louisville, etc., R. Co.* v. *Creek,* 130 Ind. 139, 14 L. R. A. 733; *Shoner* v. *Pennsylvania Co.,* 130 Ind. 170; *Shuck* v. *State,*

*ex rel.,* 136 Ind. 63, 71. If the answers to interrogatories are inconsistent as between each other, they operate to cancel or neutralize each other, and do not impair the general verdict. *Grand Rapids, etc., R. Co.* v. *McAnnally, supra; Redelsheimer* v. *Miller,* 107 Ind. 485; *Rice* v. *Manford,* 110 Ind. 596; *Shuck* v. *State, ex rel., supra.* As the motion that was made was for judgment upon the answers notwithstanding the verdict, it was required, in order to justify the sustaining of the motion, that the answers, in and of themselves, should be sufficient, when strictly construed, to warrant, in view of the issues, a judgment in favor of the moving party. *Bellefontaine R. Co.* v. *Hunter,* 33 Ind. 335, 5 Am. Rep. 201; *Campbell* v. *Dutch,* 36 Ind. 504; *Rice* v. *City of Evansville,* 108 Ind. 7, 58 Am. Rep. 22; *Shuck* v. *State, ex rel., supra.*

It would needlessly prolong this opinion to exhibit the interrogatories and their respective answers. They ·are silent upon the question as to how fast the car was running. They show that the collision occurred in the nighttime, at the intersection of Washington and Jefferson streets in the city of Kokomo; that the appellant was crossing appellee's track, that was situate on Washington street, in proceeding east, along Jefferson street, in a carriage, when a street-car of appellee, approaching from the south, collided with his conveyance; that he was familiar with the fact that cars frequently ran on said track; that, as he was aware, his horse was afraid of street-cars; that the view to the south on Washington street, as a traveler approached it on Jefferson street from the west, was obstructed by a building abutting upon the southwest corner of the street intersection; that at the west line of said intersection there was a view to the south of fifty feet; that there was an arc light that was burning almost over the place where the collision occurred; that the car had an electric headlight that was burning brightly; that the motorman sounded the gong at a point 160 feet south of the place of collision; that, upon

preceiving appellant's situation, the motorman reversed the current but did not apply the brake; that appellant had the average capacity to see and hear; that he did not stop in approaching the track; that he looked to the south and listened as he passed over the west line of the street intersection; that the car in approaching made the usual noise; that there was a row of trees next to the curb line on the west side of Washington street, that, it inferentially appears, also obstructed the view to the south, until a person in a carriage, coming from the west on Jefferson street, reached said curb line of Washington street; that said curb line was fifteen and one-half feet west of the west rail of appellee's track; that appellant saw or heard the car an instant before the collision; that his attention was attracted thereto about the same time that his horse gave a sudden lunge, and that at that time the fore-feet of the horse were upon the track. Interrogatory number forty-seven is as follows: "Could plaintiff, if he had looked, have seen the car approaching, with an electric headlight, at any time after passing the west line of Washington street until he reached the track?" The jury answered "No." This answer, it must be admitted, seems to contradict the general trend of the interrogatories; but, as shown above, where the answers to interrogatories war with each other, they simply work destruction among themselves and do not impair the general verdict. There are other uncertainties, if not contradictions, in the answers to interrogatories that we will not dwell upon. Moreover, there is, in some particulars, a very inadequate representation made by the special findings as to the conditions surrounding appellant immediately prior to the collision. This has been attempted to be covered by interrogatory number three, answered by the jury in the affirmative. That interrogatory reads as follows: "Was plaintiff at the time of such collision voluntarily attempting to drive across defendant's railway track at the intersection of said streets?" The finding mentioned does not warrant the conclusion that appellant volun-

tarily encountered the danger. (See *Consolidated Stone Co. v. Summit,* 152 Ind. 297, 302.) For aught that appears, his horse may have become frightened, and he may have been compelled to guide it across the track as the seeming safest course, under such circumstances of sudden opposing dangers as did not afford the opportunity for any careful weighing of the probabilities attending the pursuit of either course. The answers to interrogatories did not affirmatively show that appellant was guilty of contributory negligence.

The findings being silent relative to the truth of the averments as to the high and dangerous rate of speed at which said car approached the street intersection, it was the duty of the trial court to indulge the presumption, as it was not permitted to consider, for the purposes of the motion, the evidence actually introduced, that the averments as to speed were sustained by the evidence, and upon that hypothesis appellee stands clearly convicted by the verdict of negligence. It was error to sustain appellee's motion for judgment in its favor upon the answers to interrogatories.

In apprehension of this conclusion, counsel for appellee have argued the question as to what ought to be the mandate of this court in the event of a reversal, and this has led counsel for appellant, in their reply brief, to argue the same question. By express provision of statute, this court is authorized, in reversing a judgment, to order a new trial, when the justice of the case requires it (§672 Burns 1901, §660 Horner 1901) ; and this court has often exercised such authority. *Matchett* v. *Cincinnati, etc., R. Co.,* 132 Ind. 334, and cases there cited; *Mitchell* v. *Brawley,* 140 Ind. 216; and cases cited in *Stewart* v. *Patrick,* 5 Ind. App. 50. It is our conclusion that this should be the result in this case.

The judgment is reversed, with an instruction to the trial court to grant appellee a new trial.