Circuit Court of Cuyahoga County.

Anna Deveraux v. E. K. Hutchinson, Administrator.*

Decided, February 25. 1907.

*Judgment Non Obstante Veredicto—Motion for New Trial Necessary to Prosecute Error, When.*

Where a trial court has entered judgment *non obstante veredicto* upon the ground that a special finding of the jury is inconsistent with its general verdict, a reviewing court can not set aside the judgment on the ground that the special finding was not sustained by sufficient evidence, where no motion for a new trial was filed by the party against whom judgment was entered.

Henry, J.; Winch, J., and Marvin, J., concur.

This case was disposed of upon the hearing, by affirming the judgment of the court of common pleas. The court of common pleas had rendered a judgment *non obstante veredicto* in favor of the defendant in the case on certain special findings of the jury which were returned with their general verdict in favor of the plaintiff, and the motion for rehearing of this matter in this court proceeds upon the ground that we erred in affirming the judgment below, because the evidence as disclosed by the bill of exceptions, if we had considered it, would have shown that the

---

*Affirmed without opinion, *Devereaux* v. *Hutchinson*, 78 Ohio State, 415.

special findings of fact were not sustained by sufficient evidence. That view of the matter was called to our attention upon the hearing at the time we disposed of the case, and we then held that we could not consider the evidence in contradiction of the special findings of fact and upon the judgment of the court below, without a motion for a new trial having been interposed by the plaintiff. His response to that suggestion upon the hearing was, that having obtained at the hands of the jury a general verdict in his favor, he did not deem it proper or requisite to make a motion for a new trial in the court of common pleas. We are still, however, of the opinion that the judgment of affirmance was sound, having now examined the matter upon plaintiff in error's application for a rehearing.

That judgment by this court proceeded upon the theory that the third finding of fact was utterly inconsistent with the general verdict and we suppose that to have been the reason for the action of the court of common pleas in rendering the judgment which we affirmed. We have, however, carefully considered the brief which has been filed by the plaintiff in error in this case and have gone to some pains to look up the authorities referred to therein. Some of the authorities referred to therein, not only those cited by counsel, but others that we were able to find upon searching for ourselves, indicate that in determining whether the special findings are inconsistent with the general verdict, so that the latter must be held to be controlled by the former, the court is not permitted to regard the evidence introduced on the trial. *C. & N. W.,* 129 Ill., 132, paragraph 20 of the syllabus.

In determining whether the trial court erred in its judgment in a case of this sort, the appellate court can not look into the evidence. *Pennsylvania Company* v. *Smith,* 98 Ind., 42; *Schuck* v. *State, ex rel,* 136 Ind., 63, and *Schults* v. *The Chicago & Northwestern Railway Company,* 114 Iowa, 89.

A motion for a new trial is necessary in order that the evidence may be weighed upon review in a proceeding in error. A motion for a new trial is therefore necessary to review the decision of the court of common pleas with regard to the finding of

.facts, as made by the jury, being unsupported by the evidence. Whittaker's Civil Code, 6th Edition, Section 5305, Subdivision 6, at page 566, and the cases there cited.

There is, of course, some anomaly in the filing of a motion for a new trial on the part of the party in whose favor the jury have rendered a general verdict, but we nevertheless think it is necessary in cases of this character; and we cite *Clementson on Special Verdicts*, pages 156, 157 and 158, where there is a very exhaustive consideration of the entire subject.

The application for a rehearing will therefore be denied.