# TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY *v.* GREEN.

[No. 7,476. Filed January 30, 1912.]

1. TRIAL.—*Verdict.—Interrogatories.*—A general verdict for the plaintiff constitutes a finding in his favor on all the issues; and to overthrow such verdict the answers to the interrogatories to the jury must be in irreconcilable conflict therewith on any supposable evidence admissible within the issues. pp. 310, 312.

2. RAILROADS.—*Street.—Accidents on Streets.—Contributory Negligence.—Last Clear Chance.—Interrogatories.* — In an action against a street railway company for running its car against plaintiff's team and killing his horse, answers to interrogatories to the jury that when plaintiff attempted to cross the track defendant's car was fifty feet away, that plaintiff could have seen it, that because of the noise of his wagon he failed to hear it, that he did not stop, that his sight was good, that he looked for a car a few seconds before, but saw none, that by looking at the time he could have avoided a collision, that if he had made a reasonable use of his faculties the collision would not have occurred, that the car was running fifteen or twenty miles an hour, that the motorman had no warning that the plaintiff would drive upon the track, that the motorman did not use every means to stop his car after seeing plaintiff's danger, and that he could have avoided the collision after seeing plaintiff's peril, do not overthrow a general verdict for the plaintiff, since evidence was admissible to prove that the defendant had a last clear chance to avoid the accident. pp. 311, 312, 313.

3. NEGLIGENCE.—*Proximate Cause.*—*Last Clear Chance.*—Where defendant, after notice of plaintiff's peril, could avoid any injury but failed to do so, his failure constitutes the proximate cause of plaintiff's injuries. p. 313.

From Clay Circuit Court; *John M. Rawley,* Judge.

Action by Wood Green against the Terre Haute, Indianapolis and Eastern Traction Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*A. W. Knight,* for appellant.
*S. M. McGregor,* for appellee.

LAIRY, J.—Appellee brought this action to recover damages on account of the alleged negligence of appellant in running one of its street-cars against appellee's team and killing one of his horses. The specific negligence charged against appellant in the complaint is that it was running its car at and prior to the accident at a high and dangerous rate of speed, and that it negligently failed to give any signal or warning of the approach of the car. The sufficiency of the complaint is not questioned on appeal. Defendant filed a general denial, and the issue thus formed was submitted to a jury, which returned a general verdict in favor of appellee. The jury also returned with its general verdict answers to forty interrogatories submitted by the court.

The only error relied on by appellant is the action of the trial court in overruling its motion for judgment on the answers to interrogatories notwithstanding the general verdict.

1. The general verdict finds every material issue of fact in favor of appellee. It finds (1) that appellant was negligent, as charged in the complaint; (2) that appellee was free from contributory negligence, and (3) that appellee was damaged, because of appellant's negligence, in the amount awarded by the verdict. Unless the answers to the interrogatories are in irreconcilable conflict with the general

verdict upon some of these issues, the motion for judgment in favor of appellant was properly overruled. *City of Jeffersonville* v. *Gray* (1905), 165 Ind. 26; *McCoy* v. *Kokomo R., etc., Co.* (1902), 158 Ind. 662.

It is claimed by appellant that the answers to the interrogatories show affirmatively that appellee was guilty of contributory negligence. The answers to interrogatories bearing upon this question, stated in narrative form, show the following facts: When plaintiff attempted to cross the track, the car was approaching from the east, was about fifty feet from plaintiff's team, and was running at a speed of from fifteen to twenty miles an hour. Plaintiff did not see nor hear the car approaching when he undertook to cross. There was nothing to prevent him from seeing the car, if he had looked. From the point where his horse was struck, he could have seen a car approaching from the east four or five blocks away. He was prevented from hearing the car by the noise made by the wagon. He did not stop and look for an approaching car before he started to cross the track. His sight and hearing were fairly good, and the car, at the time he started to cross the track, was two or three car lengths away from him. He looked for an approaching car a few seconds before the time of the accident. If he had looked in time he could have seen the car and avoided the accident, or if he had stopped his team and looked and listened he could have ascertained that the car was approaching. He did not have in mind just before he started to cross the track that a car might be approaching. He believed that he could cross before the car reached the point where he undertook to cross. If he had made a reasonable use of his faculties of sight and hearing the collision would not have occurred. The car was running at the time of the accident fifteen or twenty miles an hour, and after striking the horse it ran about one hundred and fifty feet. A car going at the speed of this car would run one hundred and fifty feet before it could be stopped. The motorman had

no warning that plaintiff was about to turn upon the track before he did so turn. When he saw that plaintiff was undertaking to cross, he made some effort to stop the car, but at the time he saw the plaintiff was in peril he did not make every effort to stop his car. He could have avoided the collision after the plaintiff had placed himself in peril.

There is no evidence that the collision was an accident, or that the motorman purposely ran into plaintiff's team.

1. If any apparent conflicts between the general verdict and the answers to interrogatories could be removed by any evidence admissible within the issues, it will be presumed in passing upon the motion here presented that such evidence was introduced, and that the jury acted upon such evidence in returning the general verdict. *Indianapolis, etc., R. Co.* v. *Lewis* (1889), 119 Ind. 218; *Shuck* v. *State, ex rel.* (1893), 136 Ind. 63.

2. Even though it be conceded, as urged by counsel for appellant, that the answers to interrogatories show that appellee failed to use due care in driving his team upon appellant's track, this does not show conclusively that such want of care on his part proximately contributed to his injury. Evidence is admissible in such a case to show that the want of such care on the part of appellee was not the proximate cause, but only the remote cause of his injury. Evidence of this character, if introduced, would give room for the application of the doctrine of last clear chance, by showing that after appellee by a want of due care had exposed himself to the danger of being injured, or after it became apparent that he was about to do so, appellant had a last clear chance to prevent the injury. *Indianapolis, etc., R. Co.* v. *Croly,* 96 N. E. 973; *Evansville, etc., Traction Co.* v. *Spiegel* (1912), *post,* 412.

The jury, in answer to one of the interrogatories, finds that the motorman could have avoided the injury after ap-

pellee had placed himself and his team in a place of
3.  danger, and also finds, in answer to another, that
appellee did not observe the approach of the car.   If
appellee drove upon the track in front of a moving car, and
in such proximity to it as to expose himself or his team to
the danger of a collision without using proper care to ob-
serve its approach, when there was nothing to prevent his
doing so, such conduct would be negligent; and if such want
of care on his part proximately contributed to his injury,
he can not recover; but if after he. had thus exposed himself
or his property to danger from a collision with the car, the
motorman saw or otherwise knew of the danger to which he
had thus negligently exposed himself, in time to prevent the
injury by the exercise of proper care, then it became the
duty of the motorman to prevent the injury, and his failure
so to do is regarded as the sole proximate cause.  *Indian-
apolis St. R. Co.* v. *Schmidt* (1905), 35 Ind. App. 202;
*Schilling* v. *Indianapolis, etc., Traction Co.* (1912), 50 App.
—, 97 N. E. 124; *Indianapolis, etc., R. Co.* v. *Croly, supra.*
The evidence may have shown that appellee was absorbed
or abstracted, and did not observe the approach of the car or
appreciate his danger until too late to avoid it, and
2.  that the motorman did see his danger, and also ob-
served that he was not going to protect himself, and,
that after that time such motorman could have prevented the
injury by the exercise of proper care and failed to do so.
Such evidence, if introduced, would completely reconcile the
answers to the interrogatories with the general verdict.
True, the answers to interrogatories show that the car was but
fifty feet distant from appellee at the time he drove his team
upon the track, and that a car moving at the rate of speed
of this car would run 150 feet before it could be stopped,
but the evidence may have shown that the speed of the car
could have been so slackened as to prevent the collision, or
that the failure of the motorman to stop the car and pre-

vent the collision, after he discovered appellee's peril, was due to the negligent rate of speed at which the car was running at the time.

There is no irreconcilable conflict between the answers to interrogatories and the general verdict, and appellant's motion for judgment thereon, notwithstanding the general verdict, was properly overruled.

Judgment affirmed.